IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) Case No. 1:26-CR-21 (RDA)
)
MATTHEW BECKER, )
)
*Defendant.* )

## UNITED STATES' MOTION TO EXCLUDE DEFENSE EXPERT

The United States of America, by and through undersigned counsel, respectfully moves this Court to exclude the trial testimony of proposed defense expert, Luis Castrillon, for the following reasons: (1) his testimony is not relevant to any issue at trial; (2) his testimony was not timely disclosed to the government; and (3) defense counsels' purported expert notice and disclosure were insufficient under Rule 16 and the discovery order entered in this case. Accordingly, Luis Castrillon should be struck from the defendant's witness list and precluded from testifying at the trial in this case.

## BACKGROUND

On February 26, 2026, the Court entered an agreed discovery order for this case, requiring the parties to provide notice of any expert witness testimony it intended to introduce within 15 days of trial. The order further required notice of any responsive expert witness testimony no later than 5 days before trial. On June 5, 2026, the government timely sent an expert notice and disclosure to defense counsel noticing the testimony of FBI Digital Forensic Examiner (DFE) Karen Offermann. *See* Dkt. 58-4. As discussed in the government's notice, the government anticipates DFE Offermann will testify at trial regarding the process of forensically extracting data from the defendant's cell phone and processing the extracted data using forensic

1

tools to make the raw data readable for the case agent's review. Consistent with its obligations under Rule 16(a)(G)(ii), the government included DFE Offermanns' resume and information about previous testimony and lack of prior publications.

On June 12, 2026, the government timely (and unsurprisingly) provided notice to defense counsel that it intended to admit at trial certain evidence pursuant to Fed. R. Evid. 404(b), including videos depicting child sexual abuse (CSAM) found in the defendant's cell phone. On June 21, 2026, the defendant filed a motion to exclude this evidence, arguing, among other things, that the metadata associated with the CSAM files is unreliable and therefore inadmissible. Attached to his motion, the defendant included a statement from Castrillon, who stated he was "retained to provide expert consultation on metadata related to Telegram Messenger artifacts recovered from processed data extracted from a Samsung Galaxy S23" cell phone. Dkt. 58-2. Castrillon went on to provide his opinions regarding the metadata associated with CSAM files listed in a single excel spreadsheet.

At approximately 10:37pm on Monday, June 22, 2026, defense counsel sent two emails to government counsel, indicating that the defense intended to call Castrillon as an expert at trial to testify regarding "all matters which he previously provided his opinion, and which was attached to the defense's recently filed 404(b) motion in this matter." In a follow-up email a few minutes later, counsel wrote, "For clarification, the expert is being called in response to the government's previously noticed expert, Karen Offermann, as well as in response to the government's 404(b) notice in this matter." Counsel did not initially provide a CV for Castrillon, a list of all publications authored in the last 10 years, or a list of all other cases in which, during the last 4 years, he has testified as an expert at trial or by deposition. On June 23, 2026, at

approximately 12:14 PM, defense counsel sent undersigned counsel Castrillon's CV, including a list of the four prior times when he testified as an expert witness.

Subsequently, also on June 23, 2026, the government filed its Response to the defendant's Motion in Limine, indicating it would not seek to admit the metadata for the CSAM files at trial. *See* Dkt. 66.

**ARGUMENT**

**I.      Castrillon's testimony is not relevant to any issue at trial.**

The sole statement of Castrillon's anticipated testimony and opinions provided to the government is contained in the 4-page declaration that the defendant attached to his Motion in Limine.  *See* Dkt. 58 at 2.  And the only issue on which he has offered statements or opinions is the issue of metadata associated with CSAM files found in the defendant's cell phone.  The defense has moved in limine to preclude this evidence at trial (Dkt. 58) and the government has agreed it will not present metadata for the CSAM files in its case-in-chief (Dkt. 66).  On this basis alone, Castrillon's testimony should be excluded.  His noticed testimony is not relevant to any issue at trial.

**II.     Castrillon's testimony was not timely disclosed to the government.**

Pursuant to the discovery order for this case, the parties must disclose expert witness testimony no later than 15 days before trial.  The defense may disclose, no later than 5 business days before trial, expert testimony he intends to offer in response to a previously-noticed expert of the government.

Here, Castrillon's testimony was noticed well past the required 15 days before trial.  The defense claimed in their email to undersigned counsel that Castrillon's testimony was rebuttal to DFE Offermann and the government's 404(b) notice, but nothing in his declaration pertains to

3

DFE Offermann's extraction and processing of the defendant's cell phone. There is also no indication that Castrillon has reviewed any material related to this case beyond a single excel spreadsheet containing metadata for 46 CSAM files.

While defense counsel did not know initially that the government would agree not to admit the metadata evidence in its case-in-chief, they do now. The government does not intend to offer the metadata associated with the CSAM files. Thus, Castrillon's testimony cannot be rebuttal to evidence the government does not intend to provide. And his statement, fully contained in Dkt. 58-2, does not extend to any other aspects of the government's 404(b) notice; it deals exclusively with the issue of metadata. In short, Castrillon cannot possibly be considered a rebuttal expert to DFE Offermann. If not considered a rebuttal expert, notice of Castrillon's testimony was due on June 5, 2026. Notice was not timely provided to the government and Castrillon's testimony should be excluded on that basis.

**III.     The Defendant has not provided sufficient notice of Castrillon's testimony under either the federal rules or the discovery order in this case.**

Even if the Court were to decide that notice of Castrillon's testimony was timely provided, and his testimony is relevant, the content of his notice is woefully insufficient. The federal rule and the discovery order require the defendant to disclose, 1) a complete statement of all opinions that the defense will elicit from the witness; 2) the bases and reasons for the opinions; 3) the witness's qualifications, including a list of all publications authored in the previous 10 years; and 4) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Finally, in the case of a rebuttal expert, the defendant's disclosure "shall include the same information listed above for initial expert disclosures (including any opinions the defendant intends to elicit from the witness in response to the government's designated expert witness[]." Dkt. 15 at 5.

Again, the notice of Castrillon's testimony trickled out starting after 10pm on June 22, 2026.  Initially, the only piece of information provided by the defense related to Castrillon was his statement attached to the defendant's Motion in Limine.  Dkt. 58-2.  At least one day late, even according to the defense's characterization of Castrillon as a rebuttal expert, the defense provided Castrillon's CV, including a list of other cases in which he has testified as an expert at trial or by deposition. Critically, the defense still has not provided **any opinions the defendant intends to elicit from the witness in response to the government's designated expert witness**, as required by the discovery order in this case.  *See* Dkt. 15 at 5.

Defense counsel claims in their email that Castrillon is a rebuttal expert, thus presumably justifying their untimely disclosure of his testimony.  But DFE Offermann will not testify about the CSAM files, their associated metadata, or the Telegram chats found in the defendant's cell phone.  And counsel has not provided any opinions that Castrillon will offer in response to DFE Offermann – the government's only designated expert witness.

The parties are now 4 business days away from trial.  Tomorrow, June 24, 2026, the Court will hold a pretrial conference in which multiple, significant, motions in limine will be litigated.  The defense is inexcusably late in providing what is clearly deficient notice of its expert testimony to the government.  Presumably in recognition of their error, the defense have attempted to slip it under the radar by repackaging Castrillon's testimony as rebuttal testimony to evidence the government has now said it does not plan to introduce.  The testimony is irrelevant, untimely, and insufficiently noticed.  And the government is prejudiced by the defense's tardiness; while scrupulously adhering to its own deadlines, the government must prepare for the upcoming motions hearing and trial.  With trial only days away, the government should not have

to contend with a late, insufficient, and ultimately irrelevant defense expert notice.  Castrillon's testimony should be excluded.

## CONCLUSION

For the reasons stated herein, the expert testimony of Luis Castrillon should be excluded and he should be struck from the defendant's witness list.


Respectfully Submitted


By: _____/s/_____
Lauren Halper
Laura D. Withers
Assistant United States Attorneys